# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| RONALD V. MAPP and <br> JOHN STURDIVANT, <br><br> Plaintiffs, <br><br> vs. <br><br> DUCKWALL-ALCO STORES, INC., <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 09-1304-EFM-DWB <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM AND ORDER

Before the Court is Plaintiffs' Motion to Amend. (Doc. 24.) Defendant has responded in opposition (Doc. 26) and Plaintiffs have replied (Doc. 28). After a careful review of the submissions of the parties, the Court is prepared to rule.

## BACKGROUND

Plaintiffs filed their original Complaint on October 7, 2009, contending Defendant subjected them "to unlawful discrimination in violation of the Age Discrimination in Employment Act for which they are entitled to damages." (Doc. 1, at 3.) More specifically, Plaintiffs allege that Defendant terminated the employment of the "3 oldest members of company management on the same day"

while "retain[ing] members of company management who were significantly younger and less qualified than [Plaintiffs]."[1] (*Id.*)

The Court entered its Scheduling Order on December 3, 2009. (Doc. 9.) Included therein was the January 19, 2010, deadline to join additional parties or otherwise amend the pleadings. (*Id.*, at 7.) Plaintiffs filed their Motion to Amend (Doc. 24) on February 26, 2010 – approximately five weeks past the deadline. Plaintiffs state they "wish to clarify that they are proceeding on a disparate impact theory as well as a direct evidence theory based on information they received from initial disclosures and through the recent discovery responses provided by Defendant." (*Id.*, at 2.)

## DISCUSSION

Federal Rule 15(a) provides, in pertinent part, that "a party may amend its pleading only with the opposing party's written consent or the court's leave." In the absence of any apparent or declared reason, such as undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment, leave to amend should be freely given, as required by the federal rule. ***Foman v. Davis***,

---

[1] The Plaintiffs also each bring individual claims for breach of contract. (*Id.*, at 4.) These claims are, however, irrelevant to the issues before the Court.

371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); ***Frank v. U.S. West, Inc***., 3 F.3d 1357, 1365 (10th Cir. 1993). A district court is justified in denying a motion to amend as futile if the proposed amendment could not withstand a motion to dismiss or otherwise fails to state a claim. ***Ketchum v. Cruz***, 961 F.2d 916, 920 (10th Cir. 1992); *see* 6 Wright, Miller & Kane, FEDERAL PRACTICE AND PROCEDURE § 1487 at 642 (1990). Leave to allow amendment is, however, within the court's sound discretion. ***LeaseAmerica Corp. v. Eckel***, 710 F.2d 1470, 1473 (10th Cir. 1983).

In the matter before the Court, Defendant argues that the proposed amendment is futile (including because Plaintiffs failed to exhaust their administrative remedies regarding a disparate impact claim and did not name an statistical expert), that Plaintiffs have not established "good cause" to amend, and the requested amendment would cause undue prejudice to Defendant. (*See generally*, Doc. 26.)

**A.** **Futility**.

On the issue of futility, the Court must determine if the proposed Amended Complaint could withstand a motion to dismiss. In light of two recent Supreme Court cases, the Tenth Circuit has restated the standard for ruling on motions to

dismiss under Fed. R. Civ. P. 12(b)(6), and now looks at what is described as a "plausibility" standard:

> Turning to our standard of review and applicable legal principles involving motions to dismiss, we review de novo a district court's denial of a motion to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. *See Dias v. City and County of Denver*, 567 F.3d 1169, 1178 (10th Cir.2009); *Gann v. Cline*, 519 F.3d 1090, 1092 (10th Cir.2008); *Alvarado v. KOB-TV, LLC*, 493 F.3d 1210, 1215 (2007). "We assume the truth of all well-pleaded facts in the complaint, and draw reasonable inferences therefrom in the light most favorable to the plaintiff[ ]." *Dias*, 567 F.3d at 1178 (alteration added). This assumption, however, is inapplicable when the complaint relies on a recital of the elements of a cause of action supported by mere conclusory statements. *See Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).
>
> \* \* \* \*
>
> In reviewing a motion to dismiss, it is important to note "Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1246 (10th Cir.2008). In the past, we "generally embraced a liberal construction of [this] pleading requirement," and held "a complaint containing only conclusory allegations could withstand a motion to dismiss unless its factual impossibility was apparent from the face of the pleadings...." Id. However, the Supreme Court has recently "clarified" this standard, stating that "to withstand a motion to dismiss, a complaint must contain enough allegations of fact 'to state a claim to relief that is plausible on its face.'" Id. at 1247 (*quoting Bell Atlantic*

> *Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, so that "[t]he allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." Robbins, 519 F.3d at 1247. Under this standard, "a plaintiff must nudge his claims across the line from conceivable to plausible in order to survive a motion to dismiss." Smith, 561 F.3d at 1098. Therefore, a plaintiff must "frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." Robbins, 519 F.3d at 1247 (*quoting Twombly*, 550 U.S. at 556).
>
> On the other hand, we have also held "granting a motion to dismiss is a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice." *Dias*, 567 F.3d at 1178 (quotation marks and citation omitted). "Thus, 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely.' " Id. *(quoting Twombly,* 550 U.S. at 556).
>
> In discussing the sufficiency of a complaint's allegations, we look to two Supreme Court decisions, *Twombly* and *Iqbal*, which provide the determinative test for whether a complaint meets the requirements of Federal Rules of Civil Procedure 8(a)(2) and 12(b)(6) for assessing whether it is legally sufficient to state a claim for which relief may be granted.

***Phillips v. Bell***, No. 08-1042, 2010 WL 517629, * 3,4 (10th Cir., 2010). The burden is on Defendant to establish the futility of Plaintiff's proposed amendment.

*Pekareck v. Sunbeam Products.*, No. 06-1026-WEB, 2006 WL 1313382, at *3 (D. Kan. May 12, 2006).

Defendant argues that the proposed amendment is futile for two reasons – because Plaintiffs failed to exhaust their administrative remedies relating to their disparate impact claim and because they did not identify a statistical expert. (Doc. 26, at 7-10, 16-17.) The Court acknowledges that "statistical evidence is generally employed to prove the existence of disparate impact resulting from the criticized employment criteria." *Coe v. Yellow Freight Sys., Inc.*, 646 F.2d 444, 452 (10th Cir. 1981). *See also*, *Sandoval v. City of Boulder, Colo.*, 388 F.3d 1312, 1326 (10th Cir. 2004). There is, however, no *per se* requirement that Plaintiffs employ the services of a statistical expert to prove a claim of disparate impact. As such, this alone is not a sufficient basis to deny Plaintiffs' motion to amend. The Court's analysis will instead focus on Defendant's other stated basis for a finding of futility – Plaintiffs' alleged failure to exhaust their administrative remedies.

      **B.**    **Exhaustion of Administrative Remedies**.

The exhaustion of available administrative remedies is a jurisdictional prerequisite to bringing a suit in federal court. *Davidson v. America Online, Inc.*, 337 F.3d 1179, 1183 (10th Cir. 2003). "Because the jurisdiction of federal courts is limited, 'there is a presumption against our jurisdiction, and the party invoking

federal jurisdiction bears the burden of proof.'" *Marcus v. Kan. Dep't of Rev.*, 170 F.3d, 1305, 1309 (10th Cir. 1999) (citing *Penteco Corp. v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991)). Thus, in the present matter, the burden is on the Plaintiff to show that jurisdiction is proper. *Cf. Leo v. Garmin Internat'l*, No. 09-2139-KHV, 2009 WL 3122502, at *1 (D.Kan. Sept. 24, 2009) (citing *Jensen v. Johnson Co. Youth Baseball League*, 838 F.Supp. 1437, 1439-40 (D.Kan. 1993)). "Conclusory allegations of jurisdiction are not enough" to establish jurisdiction and, thus, the viability of a proposed amendment. *Id.*

In regard to this issue, Defendant contends "Plaintiffs clearly failed to identify a specific employment policy or practice with an adverse impact on a protected class, or any other allegations of disparate treatment that created a reasonable expectation that the EEOC would investigate a disparate impact claim." (Doc. 26, at 7.) Plaintiffs reply that the EEOC charge they filed was sufficient because it was not narrow and did not "limit" them "to a particular claim." (Doc. 28, at 3.) Both parties refer to the decision of *Leo v. Garmin*, *supra*, in their briefs – Defendants relying on it for the position that Plaintiffs failed to exhaust their administrative remedies and Plaintiffs distinguishing it by arguing that their EEOC charge is not "narrow" like the one at issue in *Leo*.

The Court thus turns to the *Leo* decision to analyze the exhaustion issue, which contains a discussion of the distinctions between a claim for disparate treatment and a claim for disparate impact.

> The ADEA distinguishes claims of disparate treatment and claims of disparate impact. *See* ***Pippin v. Burlington Resources Oil & Gas***, 440 F.3d 1186, 1189 (10th Cir.2006). Under the ADEA, disparate treatment occurs when defendant treats plaintiff less favorably because of age. *See id.* at 1192. To establish a *prima facie* case of disparate treatment in the context of failure to hire, plaintiff must show that (1) plaintiff belongs to a protected class; (2) plaintiff applied and was qualified for a job for which the employer was seeking applicants; (3) the employer rejected plaintiff and (4) after plaintiff's rejection, the position remained open and the employer continued to seek applicants from persons of plaintiff's qualifications. *See **Garrison v. Gambro, Inc.***, 428 F.3d 933, 937 (10th Cir.2005).
>
> A claim of disparate impact, unlike a claim of disparate treatment, does not require a finding of intentional discrimination. ***Pippin***, 440 F.3d at 1199; ***Ortega v. Safeway Stores, Inc.***, 943 F.2d 1230, 1242 (10th Cir.1991). To the contrary, the entire "necessary premise of the disparate impact approach is that some employment practices, adopted without a deliberately discriminatory motive, may in operation be functionally equivalent to intentional discrimination." *Id.* To establish a *prima facie* case of disparate impact discrimination on the basis of age, plaintiff must show that a <u>specific identifiable employment practice or policy caused a significant disparate impact on the protected group</u>. ***Carpenter v. Boeing Co.***, 456 F.3d 1183, 1187 (10th Cir.2006). Thus, <u>an employee must point to both a significant disparate impact and a particular policy or</u>

8

> practice that caused the disparity. ***Pippin***, 440 F.3d at 1200 (employee must isolate and identify specific employment practices allegedly responsible for observed statistical disparities).

2009 WL 3122502, at *4 (emphasis added).

The ***Leo*** court found that the plaintiff's EEOC complaint did not explicitly state a disparate impact claim. Thus, the court held that the proposed disparate impact theory "must be 'reasonably related' to the allegations in his charge." *Id*., at *5. To determine the existence of a reasonable relationship between a proposed disparate impact claim and an explicitly stated disparate treatment claim, "the Court must consider whether [the plaintiff's] allegations of disparate treatment created a reasonable expectation that the EEOC would investigate a claim of disparate impact." *Id*., citing ***Martinez v. Potter***, 347 F.3d 1208, 1210 (10th Cir. 2003). In so doing, a court must look to "the language of the charge itself." *Id*., *citing* ***Edwards v. Creoks Mental Health Serv., Inc.***, 505 F.Supp.2d 1080, 1092 (N. D. Okla. 2007).

The ***Leo*** court held that "to state a disparate impact claim, [a] plaintiff must identify a neutral employment practice or policy which adversely affected a protected class more than others." *Id*. (citations omitted). The court held that because the plaintiff's charge did not "mention a facially neutral policy or any

9

adverse effects on a protected class," the plaintiff could not have intended for the charge to raise a disparate impact claim.² *Id*.

In the present matter, unlike ***Leo***, it could be argued that Plaintiffs' charges *did* identify a protected class – the three oldest members of management, all of whom were over 60 years of age, and all of whom were terminated. (Docs. 26-2, 26-3.) Even still, this only partially fulfills the requirements outlined by ***Leo***. Nowhere in either of Plaintiffs' charges of discrimination is there any reference to a policy – facially neutral or otherwise. Rather, Plaintiffs's charges allege only that the oldest members of management were fired while younger members were not. This is the classic *prima facie* disparate treatment claim – that they belong to a protected class, they were qualified/properly performing their employment duties, their employment was terminated, and non-protected class members were treated more favorably. *See **Branson v. Price River Coal Co.***, 853 F.2d 768, 770 (10th Cir. 1988). Nothing about these disparate treatment allegations in Plaintiffs'

---

² Instead of pointing to specific language in their charge which would place the EEOC on notice of a potential disparate impact claim, Plaintiffs rely on letters from Defendant to the EEOC during the investigation which mentioned that the former president and CEO had been terminated and stated that often other executive with close personal and professional ties to the terminated CEO may be asked to leave the organization. Plaintiffs cite no authorities which support the proposition that a Defendant's response to Plaintiff's EEOC charge determines the breadth of the claims.

administrative charges would create "a reasonable expectation that the EEOC would investigate a claim of disparate impact." *Leo*, 2009 WL 3122502, at *5.

Based on the record, and even viewing all reasonable inferences from the facts in the light most favorable to the Plaintiffs, the Court finds that Plaintiffs failed to exhaust the necessary administrative remedies relating to their disparate impact claim. As a result, their proposed amendment is futile and their motion (Doc. 24) is, therefore, **DENIED**.[3]

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 3rd day of May, 2010.

                                                    s/ DONALD W. BOSTWICK
                                                    Donald W. Bostwick
                                                    United States Magistrate Judge

---

[3] Because the Court has determined that Plaintiff's proposed amendment is futile, it is unnecessary for the Court to address the issues of good cause and potential prejudice to Defendant. Suffice it to say, however, that Plaintiffs did not establish "good cause" to file their motion to amend beyond the Court's deadline pursuant to Fed. R. Civ. P. 16(b)(4). Plaintiffs state that Defendant's submissions to the EEOC "give rise to Plaintiffs['] desire to amend their Complaint." (Doc. 28, at 4.) Even assuming Plaintiffs were not aware of the information contained in Defendant's EEOC submissions until receipt of Defendant's Rule 26 disclosures on January 12, 2010 (Doc. 26, at 13; Docs. 14-15; Doc. 28, at 4-5), the present motion was not filed until six weeks later. (Doc. 24.) After obtaining the Defendant's submissions to the EEOC in discovery, Plaintiffs did not request additional time to file any motion to amend. Also, while Plaintiffs state that they decided to wait until after the mediation on February 22, 2010 to seek an amendment to specifically address a disparate impact claim, this fails to establish "good cause" for modifying the deadline to amend the pleadings stated in the Court's Scheduling Order.