# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

RONALD V. MAPP and )
JOHN STURDIVANT, )
  )
               Plaintiffs, )
  )
vs. ) Case No. 09-1304-EFM-DWB
  )
DUCKWALL-ALCO STORES, INC., )
  )
               Defendant. )
_____ )

## MEMORANDUM AND ORDER

Before the Court is Plaintiffs' Motion to Compel Discovery. (Doc. 30, 31.) Defendant has responded in opposition (Doc. 32) and Plaintiffs have replied (Doc. 34). After a careful review of the submissions of the parties, the Court is prepared to rule.

## BACKGROUND

Plaintiffs' Complaint alleges that Defendant subjected them "to unlawful discrimination in violation of the Age Discrimination in Employment Act for which they are entitled to damages." (Doc. 1, at 3.) More specifically, Plaintiffs allege that Defendant terminated the employment of the "3 oldest members of company management on the same day" while "retain[ing] members of company

management who were significantly younger and less qualified than [Plaintiffs]." (*Id*.)

Plaintiff served Requests for Production of Documents on Defendant seeking all contracts or agreements, including separation and employment agreements, between Defendant and three individuals --Bruce Dale, Jim Schoenbeck and Delena "Dee" Henkle. (Requests 3, 4 and 8.) Plaintiff also sought all communications between Defendant and Travelers Insurance Company regarding this lawsuit. (Request 6.) Defendant objected to these requests as vague, ambiguous, overly broad and unduly burdensome, and because they seek information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Defendant also argued that the agreements with Dale and Schoenbeck were confidential, and that the communications with Travelers were protected by the attorney client privilege. This motion to compel followed.

## DISCUSSION

Fed. R. Civ. P. 26(b)(1) states in relevant part that

> [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.

2

> Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

As such, the requested information must be both nonprivileged and relevant to be discoverable.

"'Discovery relevance is minimal relevance,' which means it is possible and reasonably calculated that the request will lead to the discovery of admissible evidence." *Teichgraeber v. Memorial Union Corp. of Emporia State University*, 932 F.Supp. 1263, 1265 (D. Kan. 1996) (internal citation omitted). Stated another way, "discovery should ordinarily be allowed unless it is clear that the information sought can have no possible bearing on the subject matter of the action." *Snowden By and Through Victor v. Connaught Lab.*, 137 F.R.D. 325, 341 (D.Kan.1991), appeal denied, 1991 WL 60514 (D.Kan. Mar. 29, 1991).

A review of the contentions of the parties gives the Court some guidance as to the potential relevance of the requested documents. Those contentions are set out in the Pretrial Order filed on May 25, 2010. (Doc. 33.)

Defendant underwent a corporate reorganization in early 2008. (Doc. 33, at 5.) Bruce Dale had been the CEO of Defendant and he resigned on February 22, 2008 as part of the corporate reorganization. *Id.* Plaintiffs had both been hired by Dale and they had a personal and professional relationship with him. Their close

relationships or loyalties to the former CEO was allegedly a motivating factor in Defendant's decision to terminate both Plaintiffs. *Id.* Defendant also terminated other individuals who were in the same protected age class as Plaintiffs. *Id.*

Defendant argues that in employment discrimination cases, discovery is generally limited to information about employees who are similarly situated to the plaintiff. (Doc. 32, at 1, 4.) Defendant notes that courts normally look to the level of the supervisor or supervisors who are primarily responsible for the employment decisions regarding the plaintiff and any similarly-situated employees. (Doc. 32, at 4.) Finally, Defendant argues that neither Dale nor Schoenbeck, who was a Senior Vice President of Real Estate, are similarly situated with Plaintiffs, and that information about their agreements with Defendant cannot lead to the discovery of any admissible evidence. (Doc. 32, at 5-6.) Defendant points out that Dale resigned more than two months before Plaintiffs were terminated, and Schoenbeck retired more than a month before Plaintiffs were terminated. *Id.*

Plaintiffs were also high-ranking officers of Defendant. Mapp was Senior Vice-President of Merchandising and Sturdivant was Senior Vice-President of Operations. (Doc. 33 at 2.) In these positions, it would appear obvious that Dale was their direct supervisor until he resigned shortly before Plaintiffs were terminated. Schoenbeck appears to have been on the same level of the corporate

organization chart as Plaintiffs, and he retired only a month prior to Plaintiffs' termination.  All four of these individuals were high-level management, all were close to the same age (*see* Doc. 34 at 1-2), and all left the employment of Defendant with a very short period of time.  Under these unusual factual circumstances, there is enough similarity between Dale, Schoenbeck and Plaintiffs to suggest that all of them were relieved of their positions -- whether by resignation, retirement or termination -- as part of a single plan of corporate reorganization.  As such, Plaintiffs have established a sufficient factual basis for concluding that information about Dale's resignation and Schoenbeck's retirement may lead to the discovery of admissible evidence concerning Plaintiffs' claims in this case.  Therefore, Plaintiffs' motion to compel production of the agreements between those two individuals (Dale and Schoenbeck) and Defendant (Requests 3 and 4) is GRANTED.

     The same factual circumstances, however, do not appear to apply to Ms. Henkle.  She does not appear to have been at the high corporate level shared by Dale, Schoenbeck and Plaintiffs.  Moreover, she was not terminated by Defendant until December 2008, almost eight months after Plaintiffs were terminated.  (Doc. 32, at 7.)  Under these circumstances, Plaintiffs have not established sufficient grounds to believe that her agreements with Defendant would be calculated to lead

to the discovery of admissible evidence concerning Plaintiffs' claims in this case. Plaintiffs' motion to compel as to Ms. Henkle (Request 8), is therefore DENIED.

Finally, there are disputes about production of all communications between Defendant and Travelers Insurance Company. Defendant argues that it has already produced a copy of the Traveler's insurance policy and all communications concerning Traveler's reservation of rights defense. (Doc. 32, at 8.) To the extent that Plaintiffs sought any "investigative material pertaining to this case," Defendant states that it has already produced to Plaintiffs any factual documents and information that Defendant has provided to Travelers regarding Plaintiffs' age discrimination claims in this case. *Id.* Plaintiffs do not dispute these representations in their Reply. Therefore, the Court finds that Defendant has adequately responded to Request 6, and Plaintiffs' motion to compel concerning that request is hereby DENIED.

**Attorneys Fees**

Because Plaintiffs' motion to compel was granted in part and denied in part, the court finds that an award of expenses and attorneys fees is not warranted in this case as to either party. *See* Fed. R. Civ. P. 37(a)(5)(C).

**IT THEREFORE ORDERED** that Plaintiffs' Motion to Compel (Doc. 30) is GRANTED IN PART and DENIED IN PART as set forth above. Defendant is to produce the documents described in Requests 3 and 4 not later than **June 19, 2010.**

**IT IS SO ORDERED.**

Dated at Wichita, Kansas, on this 2ND day of June 2010.

                                         s/ DONALD W. BOSTWICK
                                         Donald W. Bostwick
                                         United States Magistrate Judge